STATE OF WEST VIRGINIA

*v.*

LARRY R. TROGDON

(No. 14741)

Decided November 3, 1981.

*Boettner, Campbell & Crane and Gregory J. Campbell,* for plaintiff-in-error.

*Chauncey H. Browning,* Attorney General, *and Richard E. Hardison,* Deputy Attorney General, for defendant-in-error.

PER CURIAM:

This is an appeal by Larry R. Trogdon from an order of the Circuit Court of Logan County dated March 26, 1976, sentencing him to from one to five years in the state penitentiary for delivery of marijuana. The appellant contends that his conviction should be reversed because the indictment upon which his conviction is predicated is void and because the prosecuting attorney made improper remarks during closing argument. We disagree, and we affirm the conviction.

The appellant was charged with violating *W.Va.Code* 60A-4-401(a) [1971], which provides, in part:

> "Except as authorized by this chapter, it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance."

The indictment charging the appellant stated:

> "... that LARRY R. TROGDON on the 26th day of June, 1977, in the said County of Logan, did un-

lawfully and feloniously sell, deliver, distribute and transfer to one D. K. Hylton, a Schedule I controlled substance, to-wit: a material compound, mixture and preparation which contained a quantity of marijuana, in excess of 15 grams, in violation of the West Virginia Uniform Controlled Substances Act, against the peace and dignity of the State. . ."

The appellant argues that the indictment is void because it does not allege or aver that he *intentionally* delivered marijuana.

We have held that, "An indictment predicated on a statute which specifically makes intent an element of the offense sought to be charged must aver intent." Syllabus point 1, *State v. Parks,* 161 W.Va. 511, 243 S.E.2d 848 (1978). In *Parks* we dealt with an indictment drawn under *W.Va. Code* 60A-4-401(c) [1971] making it "unlawful for any person knowingly or intentionally to possess a controlled substance." We concluded that because the statute specifically used the terms "knowingly or intentionally" the indictment must contain these terms to be valid.

In the case before us the crime was not possession, but delivery, of a controlled substance under *W.Va. Code* 60A-4-401(a) [1971]. As quoted above this section is silent as to the requirement of intent where the charge is delivery. We recently held in *State v. Underwood,* ____ W.Va. ____, 281 S.E.2d 491 (1981), that the latter portion of this statute relating to "possession with intent to manufacture or deliver" is a separate offense from the actual manufacture or delivery of a controlled substance.[1]

It is true that in *State v. Dunn,* 162 W.Va. 63, 246 S.E.2d 245 (1978), we concluded that in order to convict a person for delivery of a controlled substance under *W.Va. Code,* 60A-4-401(a) [1971] it was necessary for the State to prove

---

[1] Syllabus point 4 of *State v. Underwood, supra,* says:

"Under W.Va. Code, 60A-4-401(a) in order to prove the offense of manufacturing a controlled substance, it is not necessary to prove that the defendant possessed the controlled substance with intent to manufacture or deliver the same."

that the defendant had knowledge that he was delivering a controlled substance.[2] However, *Dunn* did not deal with the sufficiency of the indictment.

We have generally recognized that:

> "An indictment for a statutory offense is sufficient if, in charging the offense, it adopts and follows the language of the statute, or uses substantially equivalent language, and plainly informs the accused of the particular offense charged and enables the court to determine the statute on which the charge is founded." Syllabus point 3, *State v. Slie*, 158 W.Va. 672, 213 S.E.2d 109 (1975), citing Syllabus point 3, *Pyles v. Boles*, 148 W.Va. 465, 135 S.E.2d 692 (1964).

The statutory section under which the appellant was charged does not specifically make intent an element of the offense to be charged. Syllabus point 1 of *State v. Parks* does not thus apply. The language employed in the indictment substantially follows the language of *W.Va. Code* 60A-4-401(a) [1971], and we believe that from that language the court could determine that the State was proceeding under that statute. Also we believe that the indictment plainly informs the appellant that he is charged with delivering marijuana. We, therefore, conclude, in accordance with Syllabus point 3 of *State v. Slie, supra*, that the indictment is valid.

In addition to alleging that the indictment is void, the appellant contends that the prosecuting attorney made improper remarks during closing argument. We note that no objection was made to these remarks, and that the judge was not afforded an opportunity to correct any possible error during trial. Our rule regarding such situations is summarized in Syllabus point 7 of *State v. Cirullo*, 142 W.Va. 56, 93 S.E.2d 526 (1956), as:

---

[2] Syllabus point 3 of *State v. Dunn*, 162 W.Va. 63, 246 S.E.2d 245 (1978), said:

"Only an 'intentional' or 'knowing' delivery of a controlled substance is prohibited by statute, although the statute fails to expressly require criminal intent."

"Failure to make timely and proper objection to remarks of counsel made in the presence of the jury, during the trial of a case, constitutes a waiver of the right to raise the question thereafter either in the trial court or in the appellate court. Point 6, Syllabus, *Yuncke v. Welker*, 128 W.Va. 229 [36 S.E.2d 410].

*See, State v. Lewis*, 133 W.Va. 584, 57 S.E.2d 513 (1949); *State v. Fisher*, 123 W.Va. 745, 18 S.E.2d 649 (1941); *State v. Clifford*, 58 W.Va. 681, 52 S.E. 864 (1906). We believe that under this syllabus point the appellant waived his right to assign as error the prosecutor's remarks, and we decline to find that they constituted reversible error.

Accordingly, the judgment of the Circuit Court of Logan County is affirmed.

*Affirmed.*