STATE OF WEST VIRGINIA

*v.*

LAUREL D. COULTER

(No. 15052)

Decided March 16, 1982.

*Robert B. Black* for appellant.

*Harry Deitzler*, Prosecuting Attorney, for appellee.

PER CURIAM:

Appellant, Laurel D. Coulter, was convicted of attempted robbery after a jury trial in the Circuit Court of Wood County. He was sentenced to five to eighteen years in the penitentiary and after the court's denial of his motion for a new trial prosecuted this appeal.

In the mid evening hours of April 26, 1978, the elderly victim, Anna Greathouse, was walking home from the Salvation Army in downtown Parkersburg. While she was waiting at a train crossing for a train to pass, a young man approached her saying "Give me all your money," and then attempted to wrest her pocketbook from her. After Mrs. Greathouse told him that she had no money and upon seeing a police officer approaching, the man shoved her to the ground and fled on foot without the pocketbook. The officer apprehended the appellant a short distance away from where the altercation had occurred.

The appellant's defense at trial was that he was looking for a taxi when he saw Mrs. Greathouse fall down near the railroad tracks and he went over to help her up. He testified that he had been drinking during the evening and when he saw the police officer approaching he ran out of fear that he would be arrested for public intoxication.

In this appeal the appellant assigns three errors: (1) the court's refusal to direct a verdict on the ground that the

State failed to prove that his actions constituted robbery; (2) the prosecuting attorney made improper remarks to the jury during closing arguments; and (3) the court should have granted the motion for a new trial on the basis of the first two errors assigned.

## I.

Appellant contends that under the facts adduced at trial, the State failed to prove that Mrs. Greathouse was put in fear at the time of the alleged crime and that fear is a necessary element of robbery. *W. Va. Code*, 61-2-12 [1961] states in pertinent part:

> "If any person commit, or attempt to commit, robbery by partial strangulation or suffocation, or by striking or beating, or by other violence to the person, or by the threat or presenting of firearms, or other deadly weapon or instrumentality whatsoever, he shall be guilty of a felony, and, upon conviction, shall be confined in the penitentiary not less than ten years. If any person commit, or attempt to commit, a robbery in any other mode or by any other means . . . he . . . shall be confined in the penitentiary not less than five nor more than eighteen years."

This statute gives no further definition of the crime of robbery, but as noted in the recent case of *State v. Cunningham*, No. 14691 (W. Va. Sup.Ct. November 3, 1981), "this Court has previously resorted to the common law which defines robbery as 'the felonious taking of money or goods of value from the person of another or in his presence, against his will, by force or putting him in fear.' *State v. Young*, 134 W. Va. 771, 779-780, 61 S.E.2d 734, 739 (1950)."

Both the common law and our statute recognize that robbery may be committed by fear as the appellant contends. However, when robbery is committed by force, the element of fear need not exist, although it may be committed without force by putting a person in fear. These points have been extensively discussed in our recent case of *State v. Harless*, ____ W.Va. ____, 285 S.E.2d

461 (1981), where we recommended the use of the terms aggravated robbery and unaggravated robbery for all other robberies in lieu of armed robbery and robbery by violence.

In this case the appellant attempted to steal Mrs. Greathouse's pocketbook by grabbing and pulling on it and when he was unsuccessful in his attempt, knocked her to the ground. Unquestionably, the appellant used force in his attempt to take the pocketbook. The fact that he was unsuccessful is irrelevant because the attempt to commit robbery is embraced in the statute and is a crime in itself. *State ex rel. Vascovich v. Skeen*, 138 W.Va. 417, 76 S.E.2d 283 (1953). Thus, we conclude that the facts of this case do support the verdict of attempted robbery, a lesser included offense of attempted robbery by violence, the crime charged in the indictment.

## II.

In his closing argument to the jury, the prosecuting attorney made three remarks to which the appellant objects. The prosecutor's statements were:

"Now, the laws that we have discussed and the laws that the Defendant is charged under were enacted to protect the community. They were enacted so that this type of thing won't happen. You, as jurors, have a duty to uphold those laws. Put yourself in Mrs. Greathouse's shoes. .. No other governmental official has the power that you have right now. If you return a not guilty verdict, there is no appeal."

These remarks came toward the end of the prosecutor's closing argument and no objection was made by defense counsel to any of the remarks. It was only after the jury was sent from the courtroom to begin their deliberations that counsel for appellant moved for a mistrial on the ground of the prosecutor's comments. Counsel's reason given to the court for not objecting at the time the remarks were made was that he did not want to interrupt the argument "out of professional courtesy." The court overruled the motion and defense counsel excepted.

In order to take advantage of remarks made during an opening statement or closing argument which are considered improper an objection must be made and counsel must request the court to instruct the jury to disregard them. *State v. Lewis*, 133 W.Va. 584, 57 S.E.2d 513 (1949). *See also, State v. Files*, 125 W.Va. 243, 24 S.E.2d 233 (1942); *State v. Fisher*, 123 W.Va. 745, 18 S.E.2d 649 (1941). Even though counsel failed to make a timely objection to the prosecutor's comments, he did object soon after and on this basis we have examined the remarks in question.

It is well settled that "a judgment of conviction will not be reversed because of improper remarks made by a prosecuting attorney ... to a jury which do not clearly prejudice the accused or result in manifest injustice." Syl. pt. 1, *State v. Dunn*, 162 W.Va. 63, 246 S.E.2d 245 (1978).

We do not find the remarks of the prosecuting attorney when viewed in the context of his entire argument to be prejudicial or to result in an injustice being done to the appellant. It can not be said that the appellant would have been acquitted by any impartial jury if the remarks complained of had not been made. Hence, we will not interfere with the trial court's ruling on this point.

### III.

Finding no error in either of the appellant's assignments, we conclude that the trial court was correct in denying his motion for a new trial.

Accordingly, for the reasons set forth above the judgment of the Circuit Court of Wood County is affirmed.

*Affirmed.*