476 S.E.2d 223

**Denise PERDOMO and Nathaniel Perdomo and his next friend, Herbert Perdomo, Appellants,**

v.

**Melanie STEVENS and her next friend, William R. Stevens, Appellees.**

No. 23197.

Supreme Court of Appeals
of West Virginia.

Submitted May 2, 1996.

Decided July 18, 1996.

David L. Hill, Hurricane, Attorney for Appellants.

Mark A. Atkinson, Rose & Atkinson, Charleston, for Appellees.

RECHT, Justice.

This case arises out of an automobile accident which occurred in Putnam County on June 6, 1993, a result of which Denise Perdomo and her son Nathaniel Perdomo (herein collectively referred to as the "appellant") suffered personal injuries.[1]

Melanie Stevens (the "appellee"), admitted fault prior to trial but contested the amount of damages claimed by the appellant. The appellee offered to settle and compromise this case in advance of trial in the amount of $30,000. The offer was rejected and the case proceeded to trial, producing the following verdict: Denise Perdomo—$6,700 for past medical expenses and $600 for past pain and suffering; Nathaniel Perdomo—$25 for past pain and suffering; and, Herbert Perdomo—$0 for loss of consortium, for an aggregate verdict in the amount of $7,325 for appellant.

At the close of the appellant's case-in-chief, the trial court granted the appellee's motion for a directed verdict pursuant to West Virginia Rules of Civil Procedure 50(a) (1978).[2]

---

1. Herbert Perdomo, the husband of Denise Perdomo, claimed derivative injuries for loss of consortium pursuant to *Shreve v. Faris*, 144 W.Va. 819, 111 S.E.2d 169 (1959), and participates in this appeal challenging the issues relating to the reference of insurance and the award of costs against the appellant.

2. W. Va. R. Civ. P. 50(a) (1978) states as follows:

*Motion for directed verdict: When made; effect.*—A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right so to do and to the same extent as if the motion had not been made. A motion for a directed verdict which is not granted is not a waiver of trial by jury even

The motion for directed verdict concentrated on the issue of future medical expenses. The trial court reasoned that the appellant failed to prove to a reasonable degree of medical certainty that the personal injuries claimed by Denise Perdomo were permanent. In addition, the trial court held that the amount of any future medical bills were speculative.[3]

At the conclusion of the trial, the circuit court chose to assess costs of these proceedings against the appellant, reasoning that because the appellant rejected an offer of settlement and compromise in excess of the amount of the verdict, then the appellant was not the prevailing party.[4]

Appellant brings to this Court three assignments of error, including the granting of the motion for directed verdict on the issue of future medical expenses; the improper reference to liability insurance;[5] and the assignment of costs against the appellant who, according to the appellant, was the prevailing party. The only ground that has any merit is the issue relating to the assignment of costs, which we will first address.

though all parties to the action have moved for directed verdicts. A motion for a directed verdict shall state the specific grounds therefor. The order of the court granting a motion for a directed verdict is effective without any assent of the jury.

3. The trial court also intimated that the appellant failed to reduce any future medical expense to present worth. It is difficult to determine whether or not this comment by the trial court was the basis of granting the motion for directed verdict; however, we need not address this issue because, as will be discussed, we agree with the trial court that the appellant has failed to prove a permanent injury to a reasonable degree of medical certainty as required by *Jordan v. Bero*, 158 W.Va. 28, 210 S.E.2d 618 (1974).

4. The amount of the costs assessed against the appellant was $305.19.

5. This assignment of error is baseless on at least three levels. First, the reference to insurance was expressed by Herbert Perdomo, responding to a question propounded by his own lawyer; second, there was no objection to the reference to insurance, nor a request for a limiting instruction; and, third, any reference to insurance was harmless within the meaning of our discussion regarding this issue in *Reed v. Wimmer*, 195 W.Va. 199, 465 S.E.2d 199 (1995). *See* Syllabus Point 1, *Maples v. W. Va. Dept. of Commerce*, 197 W.Va. 318, 475 S.E.2d 410 (1996).

## II.

## DISCUSSION

### A.

### *Assessment of Costs*

■ As we understand this record, the trial judge believed he was compelled to assess costs against the appellant because of the rejection of the appellee's offer of settlement and compromise in the amount of $30,000. If we follow the trial court's thinking, because the offer of the rejected compromise and settlement was greater than the verdict, then the provisions of West Virginia Rules of Civil Procedure 68(c) (1978) mandate that if a verdict finally obtained by a person rejecting an offer is not more favorable than the offer, then the offeree must pay the costs incurred after the making of the offer.[6]

We would agree with the trial court if the appellee had conformed its offer of settlement and compromise to the protocols established in Rule 68.[7] This record is silent as to

Blended into this assignment is appellant's contention that the lawyer for the appellee made improper remarks during closing argument in an oblique reference to insurance coverage. We find no merit in this contention, and although appellant's lawyer objected, no motion was made to require the court to instruct the jury to disregard the comment. *State v. Coulter*, 169 W.Va. 526, 530, 288 S.E.2d 819, 821 (1982); *State v. Lewis*, 133 W.Va. 584, 57 S.E.2d 513 (1949).

6. W. Va. R. Civ. P. 68(c) (1978) (emphasis added) provides as follows:

*Offer not accepted.*—An offer under subdivision (a) or (b) above not accepted in full satisfaction shall be deemed withdrawn, i.e., shall not be disclosed to the jury, and evidence thereof is not admissible except in a proceeding to determine costs. *If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.* The fact that an offer is made but not accepted, or accepted only as part payment, does not preclude a subsequent offer.

7. W. Va. R. Civ. P. 68(a)-(b) (1978) provide:

(a) *Offer of judgment.*—At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or

any compliance with Rule 68 and, therefore, we have no alternative than to set aside the assessment of costs against the appellant because regardless of the disparity between the offer of settlement and compromise and the verdict, insofar as this record is concerned, the appellants were the prevailing party. We are not unmindful of the language of West Virginia Rules of Civil Procedure 54(d) (1978), which provides, in pertinent part:

> Except when express provision thereof is made either in a statute of this State or in these rules, costs shall be allowed as of course to the prevailing party *unless the court otherwise directs.*

W. Va. R. Civ. P. 54(d) (1978) (emphasis added).

 When a trial court assesses costs by relying on the provisions of Rule 54(d), the record must contain specific predicate findings for that decision when the costs are assessed against a prevailing party.[8]

In formulating the appropriate sanction, a court shall be guided by equitable principles. Initially, the court must identify the alleged wrongful conduct and determine if it warrants a sanction. The court must explain its reasons clearly on the record if it decides a sanction is appropriate. To determine what will constitute an appropriate sanction, the court may consider the seriousness of the conduct, the impact the conduct had in the case and in the administration of justice, any mitigating circumstances, and whether the conduct was an isolated occurrence or was a pattern of wrongdoing throughout the case.

Syllabus Point 2 of *Bartles v. Hinkle,* 196 W.Va. 381, 472 S.E.2d 827 (1996).

 The reasons that the trial court expressed in assessing costs implicated Rule 68, which, as we have noted, is not a valid basis on this record to sustain an assessment of costs against the appellant. Therefore, we find that the trial court abused its discretion in ordering the appellant to pay costs,[9] because when a party is assessed costs pursuant to Rule 68 there must be strict compliance with the design established within the Rule, which includes either a timely offer of judgment pursuant to Rule 68(a) or payment of the settlement amount into court under Rule 68(b). This record is completely silent as to any attempt to utilize Rule 68 as a settlement device.

### B.

### *Future Medical Expenses*

 The circuit court directed a verdict in favor of the defendant on the issue of future medical expenses, and the appellants assign error to that ruling. We review the granting of a directed verdict under the following standard:

> Upon a motion to direct a verdict for the defendant, every reasonable and legitimate inference fairly arising from the testimony, when considered in its entirety, must be indulged in favorably to plaintiff; and the court must assume as true those facts which the jury may properly find under the evidence.

Syllabus, *Nichols v. Raleigh–Wyoming Coal Co.,* 112 W.Va. 85, 163 S.E. 767 (1932); *ac-*

to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the court shall direct entry of the judgment by the clerk.

(b) *Payment into court.*—A party defending against a claim may pay into court by depositing with the clerk a sum of money on account of what is claimed, or by way of compensation or amends, and plead that he is not indebted to any greater amount to the party making the claim or that the party making the claim has not suffered greater damages. The party making the claim may (1) accept the tender and

have judgment for his costs, (2) reject the tender, or (3) accept the tender as part payment only and proceed with his action on the sole issue of the amount of damages.

**8.** Rule 68 is just one of the Rules that authorizes the imposition of sanctions within the West Virginia Rules of Civil Procedure. Other Rules which sponsor the imposition of sanctions include Rules 11, 16(f), 37 and 41.

**9.** A circuit court's imposition of sanctions is reviewed under an abuse of discretion standard. *See Cox v. State,* 194 W.Va. 210, 218 n. 3, 460 S.E.2d 25, 33 n. 3 (1995)(Cleckley, J., concurring); *Bartles v. Hinkle, supra* 196 W.Va. at 393, 472 S.E.2d at 839 (1996).

*cord* Syllabus Point 1, *Cale v. Napier*, 186 W.Va. 244, 412 S.E.2d 242 (1991).

 We are guided on the issue of future medical expenses by Syllabus Point 15 of *Jordan v. Bero*, 158 W.Va. 28, 210 S.E.2d 618 (1974):

> To warrant a recovery for future medical expenses, the proper measure of damages is not simply the expenses or liability which shall or may be incurred in the future but it is, rather, the reasonable value of medical services as will probably be necessarily incurred by reason of the permanent effects of a party's injuries.

Syllabus Point 15, *Jordan*, 158 W.Va. 28, 210 S.E.2d 618.

■ We also rely on Syllabus Point 9 of *Jordan* to guide us in the quality of evidence to establish a permanent injury as:

> The permanency or future effect of any injury must be proven with reasonable certainty in order to permit a jury to award an injured party future damages.

Syllabus Point 9, *Jordan*, 158 W.Va. 28, 210 S.E.2d 618.

Despite the appellant's best efforts, her treating dentist and chiropractor failed to provide testimony that her dental and lower back injuries were permanent to a reasonable degree of medical certainty.[10]

We believe that the trial court properly analyzed the requirements of *Jordan*, measured against the absence of proof of a permanent injury to a reasonable degree of medical certainty, so that the evidence, taken in the light most favorable to the appellant (plaintiff), did not create an issue of fact. *See Neely v. Mangum*, 183 W.Va. 393, 395, 396 S.E.2d 160, 162 (1990).

### III.

### CONCLUSION

For the reasons recited in this opinion, we affirm the judgment of the Circuit Court of Putnam County, except for that portion re-lating to the assessment of costs which we reverse and set aside.

Affirmed, in part, and Reversed, in part.

---

**10.** The only condition resulting from the accident that is permanent to a reasonable degree of medical certainty was one abscessed tooth; however, the appellant failed in proving the reasonable value of medical services as will probably be necessary by reason of this condition. *See* Syllabus Point 15, *Jordan*, 158 W.Va. 28, 210 S.E.2d 618.