# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Donald W. Lovelace and Ardel A. Lovelace,**
**Plaintiffs Below, Petitioners**

**vs.) No. 21-0658** (Pocahontas County 18-C-09)

**Robert P. Martin and Melanie A. Martin,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioners, Donald W. Lovelace and Ardel A. Lovelace, by counsel Barry L. Bruce appeal the July 27, 2021, Order Regarding Costs, that was entered after this Court's May 28, 2021, decision in *Martin v. Lovelace*, No. 19-0745, 2021 WL 2182344 (W. Va. May 28, 2021) (memorandum decision). Robert P. Martin, an attorney licensed to practice law in this State, represents himself and his wife in this appeal and filed a response in support of the circuit court's order. Petitioners filed a reply.

The Court has considered the parties' submissions and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is reversed, and this case is remanded to the circuit court for entry of an order consistent with this decision.

This is the second time that these parties have been before this Court concerning the assessment of costs. In the first appeal, we noted that:

> The Martins and the Lovelaces own neighboring tracts of land in Pocahontas County. This case arose when the Lovelaces filed an action seeking to enjoin the Martins from removing a portion of the fence between the two properties. The Lovelaces filed an initial complaint in March 2018, and an amended complaint in January 2019, to quiet title by adverse possession of a 0.75 acre tract from the Martins. The Lovelaces maintained that they had purchased their property (66 acres more or less) in November 1978, had occupied the disputed 0.75 acres since that time, and "exercised control" of the 0.75 acre tract "continuously, hostilely, openly

1

and notoriously, actually, and exclusively (over 39 years)." The Martins filed an answer denying the Lovelace's claims.

. . . .

A jury trial commenced on April 8, 2019, and the jury returned a verdict in favor of the Lovelaces three days later. The jury found that the Lovelaces were entitled to adverse possession of the 0.75 acre tract. Later, in two orders entered on July 24, 2019, the circuit court entered judgment in favor of the Lovelaces, set the description of the adversely possessed property, and assessed court costs against the Martins.

In August 2019, the Martins filed a motion to alter or amend judgment seeking to set aside the cost assessment. They argued that it was inequitable for the court to assess costs against them because they engaged in no wrongful conduct. The Martins claimed that they were hauled into court "and forced to defend" their property interests. They requested that the circuit court not assess costs against either party. Alternatively, they requested an evidentiary hearing on the issue. The Lovelaces responded that the losing party is generally liable for court costs. In its October 21, 2019 order denying the Martins' motion, the circuit court stated that it "believed it had no discretion with regard to the assessment of and taxation of costs pursuant to Rule 54(d)" of the West Virginia Rules of Civil Procedure.

*Id.* at *1-2 (footnotes omitted).

The Martins appealed from the circuit court's order and argued that the circuit court abused its discretion in assessing costs against them. They stated "that (1) the circuit court was wrong to conclude that it had no discretion with regard to cost assessment, and (2) it was inequitable to assess costs against them when they were simply defending their real property rights in this suit." *Id.* at *4. The Lovelaces responded that this Court should not disturb the circuit court's ruling. In reaching a decision to reverse and remand the assessment of costs, this Court looked at the plain language of Rule 54(d) of the West Virginia Rules of Civil Procedure.

Rule 54(d) provides, in relevant part: "Cost. Except when express provision therefor is made either in a statute of this State or in these rules, costs shall be allowed as of course to the prevailing party *unless the court otherwise directs*[.]" By its plain language, Rule 54(d) vests the circuit court with discretion in assessing court costs. So, contrary to its belief, the circuit court had wide discretion when determining whether to assess court costs against the Martins. The term "discretion," signifies action taken "in the light of reason as applied to all the facts and with a view to the rights of all the parties to the action while having regard for what is right and equitable under the circumstances and the law." And the circuit court, by its own admission, exercised no discretion and assessed costs against the Martins simply because the Lovelaces prevailed in the suit.

2

For these reasons, we agree with the Martins that the circuit court abused its discretion by not exercising it and failing to consider the equitable arguments that mitigate against assessing costs to the Martins. We grant relief on this assignment of error, reverse the circuit court's order denying the Martins' motion to alter or amend the final order with regard to the cost assessment, and remand for further consideration.

*Id.* at *4-5.

After the case was remanded, the circuit court held a hearing on June 30, 2021. Ultimately, the circuit court ordered petitioners to pay all of the court and jury costs.[1] As a rationale for this assessment of costs, the circuit court reasoned:

The question left to the [c]ourt is should costs be assessed in this matter, and, if so, who should bear the cost of the proceedings. In the [c]ourt's view, neither party acted in bad faith prior to or during these proceedings. The [Martins] owned the subject property and did nothing wrong to obtain it. Likewise, the [Lovelaces] had not acted in bad faith as their claim to the property arose from their predecessor-in-title's deed. Thus, it cannot be said that one party is more at-fault for the proceedings and the costs that have amounted as a result.

However, the [c]ourt finds that the [Lovelaces] have benefited from this civil action in a significant way. Prior to the jury's determination that the [Lovelaces] have adversely possessed the subject property and this [c]ourt's order entering their verdict as judgment, the [Martins] owned the property in question. Without these proceedings, the [Lovelaces'] legal right to this property is impalpable. Further, the [c]ourt finds that the most significant cost in this case is the jury fee, which is attributable to the [Lovelaces'] actions. The [Lovelaces], in their initial filing on March 7, 2018, demanded that their claims be tried by jury.

Finally, the [c]ourt notes that West Virginia Code § 52-1-17(3) permits the [c]ourt to waive the jury fee. However, this dispute was between two individuals and, in the [c]ourt's opinion, the West Virginia taxpayer should not be required to pay for the jury fees to settle this dispute.

Therefore, having found that the [Lovelaces] demanded that a jury adjudicate their claims, that the [Lovelaces] substantially benefitted from the suit,

---

[1] We note that there is no transcript of this hearing in the appellate record, and the order on appeal reflects that the parties agreed that a court reporter need not attend this hearing. Accordingly, we do not have the benefit of the transcript in our review. Further, the amount at issue in this appeal is unknown to the Court. Although the order on appeal notes that the Lovelaces "shall be responsible for the costs set forth by the Pocahontas Circuit Clerk's fee schedule, including but not limited to the filing fee, court reporter fee and jury" and the circuit court directed the circuit clerk to attach a copy of the fee schedule to this order, the fee schedule or other evidence of the fees at issue was not included in the appellate record.

3

and that the [Martins] lost valuable property as result of these proceedings, the [c]ourt finds that the equitable solution is to assess costs against the [Lovelaces]. Accordingly, the [c]ourt does hereby order that the [Lovelaces] shall be responsible for the costs set forth by the Pocahontas Circuit Clerk's fees schedule, including but limited to the filing fee, court reporter fee, and jury fee. The Circuit Clerk shall attach a copy of the fee schedule to this order. It is further ordered that the [Lovelaces] shall pay the assessed costs to the clerk within sixty (60) days, and the clerk shall advise the court upon payment or failure to pay within this timeframe.

The Lovelaces appeal from this order, arguing that the circuit court abused its discretion in assessing costs against them.[2] According to the Lovelaces, the circuit court placed weight on its finding that the Lovelaces asked for a jury trial[3] while ignoring or completely omitting the fact that the Martins filed nine counterclaims and also requested a jury trial on all issues.

As we noted in the first appeal before this Court, we review the assessment of costs under Rule 54(d) of the West Virginia Rules of Civil Procedure for an abuse of discretion. *Id.* at *2. When determining whether a court has abused its discretion, this Court has noted that

[a]n abuse of discretion occurs in three principal ways: (1) when a relevant factor that should have been given significant weight is not considered; (2) when all proper factors, and no improper ones, are considered, but the [court] in weighing those factors commits a clear error of judgment; and (3) when the [court] fails to exercise any discretion at all in issuing the order.

*Banker v. Banker*, 196 W. Va. 535, 548, 474 S.E.2d 465, 478 (1996).

In the order presently on appeal, the circuit court assessed all costs against the Lovelaces, the prevailing party, which was a complete departure from the circuit court's earlier order that assessed all costs against the Martins. The circuit court's decision to order the Lovelaces to pay costs was based on two findings: (1) the fact that the Lovelaces prevailed in, and therefore, benefited from the suit while the Martins "lost valuable property as result of these proceedings," and (2) the fact that the Lovelaces requested a jury trial.

Initially, we note that pursuant to the express language of Rule 54(d), absent a statute or rule to the contrary, the prevailing party should not be ordered to pay costs "unless the court

---

[2] Although the Lovelaces's brief is somewhat confusing, they argue that the circuit court misunderstood the law of adverse possession when the court noted that the Martins "owned" the property prior to the jury's determination. However, inasmuch as this appeal challenges only the assessment of costs, and we are reversing on that issue, we need not address the Lovelaces's adverse possession argument.

[3] The Lovelaces initially maintained that they did not request a jury trial. In their reply brief, however, the Lovelaces concede that they sought a jury trial, but noted the Martins did as well.

otherwise directs."[4] Accordingly, the fact that a party prevails cannot, in and of itself, serve as a basis for a court to order that the party pay costs without some other justification. In this case, the remaining justification referenced by the circuit court for ordering the Lovelaces to bear the costs was the fact that the Lovelaces "demanded that a jury adjudicate their claims." The court, however, failed to consider relevant and significant factors in making its decision on costs: *Both* parties requested a jury trial, and *both* parties presented claims to the jury at trial. Having reached its decision on costs without considering these relevant and significant factors, we find that the circuit court abused its discretion.

For the foregoing reasons, the circuit court's July 27, 2021, order is hereby reversed, and the case is remanded to the circuit court, with direction that the circuit court consider the fact that both parties requested a jury trial and both parties presented claims to the jury.

Reversed and remanded with directions.

**ISSUED:** August 30, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn


Wooton, Justice, dissenting:

I dissent to the majority's resolution of this case. I would have set this case for oral argument on the Rule 19 docket to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted—not a memorandum decision. Accordingly, I respectfully dissent.

---

[4] Rule 54(d) does not prohibit a court from ordering that a prevailing party pay the costs; however, "[w]hen a trial court assesses costs by relying on the provisions of West Virginia Rules of Civil Procedure 54(d), the record must contain specific predicate findings for that decision when the costs are assessed against a prevailing party." Syl. Pt. 1, *Perdomo v. Stevens*, 197 W. Va. 552, 476 S.E.2d 223 (1996).